FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 31 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
AUDI WILSON,

      Plaintiff,   Index No.

    CV10-4057

  -against-      **COMPLAINT**

MAUSKOPF, J.

            **JURY DEMAND**

THE CITY OF NEW YORK,
POLICE OFFICERS DAVID SICILIANO
and JOSEPH GAMALDI,  POLLAK M.J
     Defendants.
-------------------------------------------------x

  Plaintiff, by his attorney, S. FELIX NGATI complaining of the defendants, The City of New York, and Police Officers "Jane and John Does 1-4", upon information and belief alleges as follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the State of New York.



2. The Plaintiff seek monetary damages for false arrest, false imprisonment, detention, and malicious prosecution and for the use of excessive and unnecessary force against said plaintiffs, and for subjecting said plaintiffs to malicious abuse of criminal process, and otherwise, for the violation of the Plaintiffs' federally guaranteed constitutional and civil rights and their rights under the laws and constitution of the State of New York. The Plaintiffs seek whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that their remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the U.S. Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.

5. The Plaintiffs request that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6. The State law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction(s) and occurrence(s) giving rise to the Plaintiff's federally based claims and causes of action.

7. The Plaintiffs also invoke the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiffs, while seeking monetary damages, also seek declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide the Plaintiffs with a full and complete remedy for the violation of their rights.

## PARTIES

9. The Plaintiff is a residents of the City of New York, County of Kings, State of New York and 591 Rutland Road, Brooklyn, New York 11203.

10. Plaintiff is a black male of full age.

11. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage,

regulation and/or direction of the City of New York.

12. At all times herein, individual defendants New Yorl City Police Officers SICILIANO and GAMALDI were employed as police officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The defendant Police Officers, were the servants, agents, and employees of their co-defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

## FACTS COMMON TO CAUSES OF ACTION

16. On or about September 02, 2007, at approximately 5.00 p.m., defendant Police Officers were on duty and were acting within the scope of their authority as police officers for the defendant City of New York and in furtherance of the business of the City of New York.

17. On the date and time aforesaid, plaintiff, was lawfully a spectator exiting a stadium in Carnasie, Brooklyn after a friendly soccer game when the defendants police officers from th City of New York, unlawfully and without any probable cause, brutally

attacked plaintiff from behind, threw plaintiff violently to the ground, kicked and beat plaintiff without any explanation.

18. Without just cause or provocation, the defendant police officers then proceeded to direct several racial slurs and insults at the plaintiffs, called him a nigger, and threatened him with more bodily harm. When plaintiff demanded to know why he was being attacked, beaten and with guns drawn and pointed at him, the defendant police officers told the plaintiffs to shut up and repeatedly called plaintiff Palmer "a fucking nigger".

19. Without any reasons or explanations given to the plaintiffs the defendant police officers proceeded to assault and brutally placed handcuffs on plaintiffs.

20. At the precinct, plaintiff was finger-printed and photographed. Thereafter, he was retained in custody against his will for many hours, and falsely accused of firing gun shots while in the stadium as a spectator, although no gun was recovered from the plaintiff.

22. In an attempt to cover up their said assault, false arrest, battery and false imprisonment of Plaintiffs, the defendant Police Officers issued a bogus summons charging plaintiff Wilson with a bogus criminal offence. The case was subsequently dismiss for lack of evidence..

24. The actions taken against plaintiffs by the defendant Officers herein were propelled by a policy and practice of the City of New York which regards black neighborhoods and apartments occupied by blacks as drug and gun-infested and which condones a pattern of unlawful searches and arrests of blacks. The said policy and practice also promotes an "ends justifies the means" philosophy of combating crime, which causes Officers to arrest individuals, particularly blacks, without probable cause and to subject those individuals to false criminal charges and other kinds of charges and to subject those individuals to malicious prosecution, malicious investigation, malicious abuse of criminal process, and to excessive force, assault and battery. The said policy and practice falls disproportionately on persons of color.

25. The policy and practice violates the rights of the Plaintiffs under federal and State law including the Fourth, and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

26. The actions and conduct of the Officers and the policy and practice of the City of New York are negligent and the proximate cause of damages to the Plaintiffs.

27. The defendant officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in

a collective manner and fashion.

28. The Plaintiffs have no other adequate remedy at law but for this action.

## FIRST CAUSE OF ACTION

29. Plaintiffs reiterate paragraphs 1 through 28 and incorporate such by reference.

30. The actions and conduct of the Defendant Officers violated the Plaintiff's constitutional and civil rights as guaranteed under the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution by, among other things, causing plaintiff to be arrested and maliciously prosecuted without probable cause, and causing them to be falsely imprisoned; and by subjecting said plaintiff to excessive and unnecessary force, and to a malicious abuse of criminal process.

31. As a result of plaintiff's false arrest and imprisonment, said Plaintiff have been caused to suffer humiliation, bodily pain, mental anguish, embarrassment, and loss of income, were prevented from attending to their necessary affairs, and have been caused to incur legal expenses, medical expenses and have been otherwise damaged.

## SECOND CAUSE OF ACTION:

32. Plaintiffs reiterate paragraphs 1 through 31 and incorporate such by reference.

33. The actions and conduct of the Defendant Officers violated the rights of the Plaintiff, as guaranteed under the laws of the State of New York being that said Plaintiffs were arrested without probable cause, and were falsely imprisoned, maliciously prosecuted and subjected to abuse of criminal process.

34. Plaintiffs suffered and will continue to suffer from psychological harm, mental distress, humiliation, embarrassment, fear and defamation of their character and reputation as a result of the unlawful arrest, false imprisonment and malicious prosecution.

## THIRD CAUSE OF ACTION

35. Plaintiffs reiterate paragraphs 1 through 34 and incorporate such by reference.

36. Plaintiff were subjected to malicious prosecution in that they were arrested and charged, without probable cause, and subjected to criminal prosecution as a consequence thereof. Such violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the

United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983; and in violation of plaintiffs' rights under the laws of the State of New York.

37. The commencement and prosecution of the criminal judicial proceeding against the plaintiff, namely the arrest, the imprisonment, and the charge against plaintiffs were committed by or at the insistence of the defendant Officers, without probable cause or legal justification and with malice.

38. The criminal judicial proceeding initiated against the plaintiffs, was terminated in their favor in that the District Attorney denied prosecution for lack of evidence.

39. The arrests, imprisonments and prosecutions of the plaintiffs were malicious and unlawful because the plaintiffs had committed no crime and there was no probable cause to believe that the plaintiffs had committed a crime.

40. The actions of the defendant officers were intentional, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against plaintiffs were false and untrue.

41. As a consequence of the malicious prosecution by the defendant Officers in the course of their employment by the City of New York, plaintiffs suffered humiliation, mental anguish, loss of wages from work, and their constitutional rights were violated.

## FOURTH CAUSE OF ACTION:

42. Plaintiffs reiterate paragraphs 1 through 42 and incorporate such by reference.

43. The policy and practice of the Defendant City violated the Plaintiffs' rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. Section 1983; and under the laws of the State of New York.

44. Plaintiffs suffered injuries and damages as a result of aforesaid actions and conduct by the defendant police officers.

## FIFTH CAUSE OF ACTION

45. Plaintiffs reiterate paragraphs 1 through 44 and incorporate such by reference.

46. Independent of the federally based claims and causes of action related to the policy and practice of the Defendant City, the policy and practice of the Defendant City was

negligent and the proximate cause of the violation of the Plaintiffs' rights and the injuries and damages which they suffered.

47. The Plaintiffs suffered injuries as a proximate result of defendants' actions.

## SIXTH CAUSE OF ACTION

48. Plaintiffs reiterate paragraphs 1 through 47 and incorporate such by reference.

49. The Plaintiffs, were subjected to unnecessary and excessive force in violation of their rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

50. Plaintiffs suffered injuries and damages as a result. As a proximate result of the acts of defendants, plaintiffs incurred expenses in procuring required medical care.

## SEVENTH CAUSE OF ACTION

51. Plaintiffs reiterate paragraphs 1 through 50 and incorporate such by reference.

52. The Plaintiffs were assaulted and battered in violation of their rights under the laws and Constitution of the State of New York.

53: Plaintiffs suffered injuries and damages as a result. As a proximate result of the acts of defendants, Plaintiffs incurred expenses in procuring required medical care and treatment.

## **EIGHTH CAUSE OF ACTION**

54. Plaintiff reiterate paragraphs 1 through 53 and incorporate such by reference.

55. The Plaintiff were assaulted and subjected to unnecessary and excessive force in violation of their rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

56. Plaintiff suffered injuries and damages as a result of the aforesaid actions and conduct of the defendants. As a proximate result of the acts of defendants, Plaintiffs incurred expenses in procuring required medical care and treatment.

## NINTH CAUSE OF ACTION

57. Plaintiff reiterate paragraphs 1 through 56 and incorporate such by reference.

58. As a proximate result of the acts of defendants, Plaintiffs Wilson and Palmer suffered loss of earnings.

**WHEREFORE,** plaintiffs pray the Court for judgment as follows against the defendants and each of them, jointly and severally:

(a) Enter appropriate declaratory and injunctive relief.

(b) Award each of the Plaintiffs appropriate compensatory and punitive damages in an amount to be defined and determined.

(c) Award punitive damages against the defendant officers in an amount to be determined.

(d) Award reasonable costs and attorney's fees in an amount to be determined.

(e) Award such other and further relief as the Court deems appropriate and just.

Dated: Brooklyn, New York
September 02, 2010

LAW OFFICES OF S. FELIX NGATI

By: _____
Felix Ngati, Esq. (FN-4150)
Attorneys for the Plaintiffs
1203 Nostrand Avenue
Brooklyn, N.Y. 11225
(718) 735-0008