UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

AUDI WILSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS DAVID
SICILIANO AND JOSEPH GAMALDI,

Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF THE CITY OF NEW
YORK**

10-CV-04057 (RRM)(CLP)

JURY TRIAL DEMANDED

Defendant City of New York,[1] by its attorney, Michael A. Cardozo, Corporation
Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon
information and belief, as follows:

1.    Denies the allegations set forth in paragraph "1" of the complaint, except
admits that plaintiff purports to proceed as stated therein.

2.    Denies the allegations set forth in paragraph "2" of the complaint, except
admits that plaintiff purports to bring this action as stated therein.

3.    Denies the allegations set forth in paragraph "3" of the complaint, except
admits that plaintiff purports to base jurisdiction as stated therein.

4.    Denies the allegations set forth in paragraph "4" of the complaint, except
admits that plaintiff purports to base supplemental jurisdiction as stated therein.

5.    Denies the allegations set forth in paragraph "5" of the complaint, except
admits that plaintiff purports to invoke the Court's pendant jurisdiction as stated therein.

---

[1] According to the Court's docket sheet, defendant Police Officers David Siciliano and Joseph Gamaldi have not
been served to date.

6.   Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

7.   Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint[2].

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

10. Denies the allegations set forth in paragraph "11" of the complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

11. Denies the allegations set forth in paragraph "12" of the complaint, except admits that Officers Siciliano and Gamaldi were employed by the City of New York as police officers on the date that gives rise to this litigation.

12. Denies the allegations set forth in paragraph "16" of the complaint, except admits that Officer Siciliano and Gamaldi were on duty at approximately 7:00 p.m. on September 2, 2007[3].

13. Denies the allegations set forth in paragraph "17" of the complaint.

14.  Denies the allegations set forth in paragraph "18" of the complaint.

---

[2] Complaint omits paragraph number "8" and goes directly from paragraph number "7" to paragraph number "9".

[3] Complaint omits paragraph numbers "13-15" and goes directly from paragraph number "12" to paragraph number "16".

15. Denies the allegations set forth in paragraph "19" of the complaint, except admits that plaintiff was handcuffed.

16. Denies the allegations set forth in paragraph "20" of the complaint, except admits that plaintiff was arrested for criminal possession of a weapon and that, plaintiff's arrest was processed at the precinct.

17. Denies the allegations set forth in paragraph "22" of the complaint[4].

18. Denies the allegations set forth in paragraph "24" of the complaint[5].

19. Denies the allegations set forth in paragraph "25" of the complaint.

20. Denies the allegations set forth in paragraph "26" of the complaint.

21. Denies the allegations set forth in paragraph "27" of the complaint.

22. Denies the allegations set forth in paragraph "28" of the complaint.

23. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and re-alleges its responses to all the preceding paragraphs as though fully set forth herein.

24.  Denies the allegations set forth in paragraph "30" of the complaint.

25. Denies the allegations set forth in paragraph "31" of the complaint.

26. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and re-alleges its responses to all the preceding paragraphs as though fully set forth herein.

27. Denies the allegations set forth in paragraph "33" of the complaint.

---

[4] Complaint omits paragraph number "21" and goes directly from paragraph number "20" to paragraph number "22".

[5] Complaint omits paragraph number "23" and goes directly from paragraph number "22" to paragraph number "24".

28. Denies the allegations set forth in paragraph "34" of the complaint.

29. In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and re-alleges its responses to all the preceding paragraphs as though fully set forth herein.

30. Denies the allegations set forth in paragraph "36" of the complaint.

31. Denies the allegations set forth in paragraph "37" of the complaint.

32. Denies the allegations set forth in paragraph "38" of the complaint.

33. Denies the allegations set forth in paragraph "39" of the complaint.

34. Denies the allegations set forth in paragraph "40" of the complaint.

35. Denies the allegations set forth in paragraph "41" of the complaint.

36. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and re-alleges its responses to all the preceding paragraphs as though fully set forth herein.

37. Denies the allegations set forth in paragraph "43" of the complaint.

38. Denies the allegations set forth in paragraph "44" of the complaint.

39. In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and re-alleges its responses to all the preceding paragraphs as though fully set forth herein.

40. Denies the allegations set forth in paragraph "46" of the complaint.

41. Denies the allegations set forth in paragraph "47" of the complaint.

42. In response to the allegations set forth in paragraph "48" of the complaint, defendant repeats and re-alleges its responses to all the preceding paragraphs as though fully set forth herein.

43. Denies the allegations set forth in paragraph "49" of the complaint.

44. Denies the allegations set forth in paragraph "50" of the complaint.

45. In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and re-alleges its responses to all the preceding paragraphs as though fully set forth herein.

46. Denies the allegations set forth in paragraph "52" of the complaint.

47. Denies the allegations set forth in paragraph "52" of the complaint.

48. In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and re-alleges its responses to all the preceding paragraphs as though fully set forth herein.

49. Denies the allegations set forth in paragraph "55" of the complaint.

50. Denies the allegations set forth in paragraph "56" of the complaint.

51. In response to the allegations set forth in paragraph "57" of the complaint, defendant repeats and re-alleges its responses to all the preceding paragraphs as though fully set forth herein.

52. Denies the allegations set forth in paragraph "58" of the complaint.

### First Affirmative Defense

53. Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

54. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## Third Affirmative Defense

55. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

## Fourth Affirmative Defense

56. Any damage or injury alleged in the complaint was caused or contributed to, in whole or in part, by reason of plaintiff's culpable or negligent conduct or the conduct of third parties and was not the proximate result of any act of defendant.

## Fifth Affirmative Defense

57. There was probable cause for plaintiff's arrest, detention and prosecution.

## Sixth Affirmative Defense

58. Plaintiff cannot obtain punitive damages as against the City of New York.

## Seventh Affirmative Defense

59. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant, City of New York, is entitled to governmental immunity from liability.

## Eighth Affirmative Defense

60. To the extent plaintiff asserts any state law claims, they are barred for plaintiff's failure to comply with conditions precedent to suit under applicable law.

## Ninth Affirmative Defense

61. Plaintiff's federal and state claims are barred in whole or in part, by the applicable statute of limitations.

## Tenth Affirmative Defense

62. To the extent any force was used, it was reasonable, necessary, and justified.

## Eleventh Affirmative Defense

63. Plaintiff provoked any incident.

## Twelfth Affirmative Defense

64. Plaintiff has not served any of the named individuals in compliance with the requirements set forth in Federal Rules of Civil Procedure 4(m).

**WHEREFORE,** defendant City of New York demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           March 11, 2011

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 3-187
New York, New York 10007
(212) 788-8084

By:     /s/_____
        Vicki B. Zgodny
        Assistant Corporation Counsel
        Special Federal Litigation Division

To:     S. Felix Ngati, Esq. (VIA ECF)

10-CV-04057 (RRM)(CLP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AUDI WILSON,


Plaintiff,

                        -against-

THE CITY OF NEW YORK, POLICE OFFICERS
DAVID SICILIANO AND JOSEPH GAMALDI,


Defendants.

**DEFENDANT'S ANSWER TO THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street, Room 3-187*
*New York, N.Y.  10007*

*Of Counsel: Vicki B. Zgodny*
*Tel:  (212) 788-8084*

*Due and timely service is hereby admitted.*

*New York, N.Y.   .................................................,2010*

*.............................................................................Esq.*

*Attorney for ................................................................*